GIMBEL BROS. v. GLOVERSVILLE SILK MILLS.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 122.

1. SALES (§ 53*)—VALIDITY OF CONTRACT—WAIVER OF CONDITION—QUESTION FOR JURY.

Defendant, which conducted a large department store, had a rule, known to plaintiff, that no order given by it for goods should be valid unless confirmed by its registry bureau. Its glove buyer gave an order to plaintiff for gloves to be made and shipped in the future, a certain portion each month. Such order was not registered; but a subsequent order was given, covering deliveries to be made in part during the same months, and was registered. Deliveries were made during certain months in accordance with the terms of the first order, but not with the second, and the goods were received and paid for, but subsequent shipments were not paid for. There was also correspondence between the parties relating to the first order, which tended to show that defendant had knowledge of and recognized such order. Held, that the question whether defendant had waived its requirement of registry with respect to such order, and was bound thereby, was properly submitted to the jury.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 53.*]

2. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.

Where defendant refused to receive and pay for goods which plaintiff claimed it had ordered, denying the validity of the order, because not registered as required by its rules, which were known to plaintiff, but plaintiff claimed that such rule had been waived, the reception of evidence that the market price of the goods had declined before defendant refused to accept them, even if not relevant to the issue of waiver, was not prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

Ward, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of New York.

Action by the Gloversville Silk Mills against Gimbel Bros. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error, which was plaintiff in the court below and will hereinafter be so designated, is a New York corporation engaged in the manufac-

---

ture of silk gloves and located at Gloversville, N. Y. The plaintiff in error, which will hereinafter be called the defendant, is a Pennsylvania corporation engaged in the operation of a large department store in Philadelphia. This action was brought to recover the price of a quantity of silk gloves alleged to have been manufactured by the plaintiff upon the order of the defendant and duly shipped to, but not paid for by, the latter. The defendant denied that the gloves in question had been ordered by it, and set up, particularly, that there, was a regulation of its business, of which the plaintiff had knowledge, that no order should be valid unless confirmed by its registration bureau and that any order accepted in disregard of such regulation should be at the seller's risk. The action was tried before a jury, and a verdict rendered for the plaintiff. The defendant has brought this writ of error. Other material facts are stated in the opinion.

Jellenik & Stern (B. N. Cardozo and Nathan D. Stern, of counsel), for plaintiff in error.

H. D. Wright, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). It is clear that, if the question of registry were out of the case, the verdict of the jury was not improper. There was evidence from which they might have found that the gloves were ordered, were manufactured as ordered, were delivered, and were not paid for. It is likewise certain that the regulation of the defendant that orders should not be binding unless registered was a valid requirement of which the plaintiff had notice. We shall also assume that the registry regulation applied to the order in question. As, then, it is admitted that it was not registered, the defendant was entitled to a verdict, unless it waived the registry requirement. The case turned upon the question of waiver.

The trial court submitted to the jury this question whether the defendant waived its registry regulation, and the primary inquiry here is whether there was evidence to justify such submission. In considering this question we are not to weigh the testimony upon the one side and the other. The conclusion which we might reach is immaterial. We have only to determine whether, considering all the testimony and all the circumstances, and the inferences most favorable to the plaintiff properly to be drawn therefrom, the jury were warranted in finding that the registry regulation was, with respect to this order, waived. To present clearly the testimony bearing upon the question of waiver requires a brief preliminary statement of the evidence, showing the situation of the parties before that question arose. There was evidence from which the jury might have found these facts:

The plaintiff manufactures silk gloves upon orders only, and for several years prior to 1907 had had dealings with the defendant. About April 1, 1907, the plaintiff's Philadelphia agent. one Minster, called upon one Montague, who was the buyer for, and manager of, the defendant's glove department. Montague gave Minster an order for gloves for delivery in 1908, and a detailed statement was prepared showing the styles, sizes, and colors required. A short time afterwards this order was modified at the request of the plaintiff through

Minster, and a considerable part of it canceled.   In September, 1907, certain additional changes and cancellations were made at the request of Montague and a new order was made out.   Again in November, 1907, Minster and Montague had another interview concerning further changes in the order, and as a result a final revised order was agreed to for gloves to the amount of $9,816, to be delivered in February, March, April, May, June, and July of 1908.   Neither this order nor the preliminary orders were registered.   This revised order is the one upon which the plaintiff bases its demand.   It says that, while a large part of the goods embraced in this order were delivered and paid for according to its terms, certain later deliveries were not paid for.   The defendant on its part calls the alleged order a mere estimate, and were we weighing the testimony there would be much to support its contention.   But, as already stated, there was evidence to warrant the jury in finding that the order was given as such, and that is sufficient here.

Coming, then, to the question of waiver—as it is admitted that large shipments of gloves were made by the plaintiff to the defendant during the period covered by the unregistered order and were accepted and paid for by it—there would be little difficulty, if there were no other orders involved, in finding that there was an order which the parties treated as valid and subsisting, whether registered or not.   But this was not the case.   Montague did obtain in January, 1908, the confirmation by the defendant's registry bureau of an order to the plaintiff for $4,300 worth of goods.   But, as pointed out in the defendant's brief, there was no similarity between the registered order and the revised and unregistered order to which we have referred.   The registered order calls for $300 in February; the unregistered, for $294.   The registered order calls for $1,000 in March; the unregistered, for $1,-518.50.   The registered order calls for $1,500 in April; the unregistered, for $1,881.50.   The registered order calls for $1,500 in May; the unregistered, for $3,350.50.   The registered order does not call for anything for June or July; the unregistered calls for $2,182.50 and $463, respectively.   A second order was registered by the defendant in April, 1908, for goods to the value of $387.50; but this order seems to have no especial significance in the case.

In determining, then, whether the defendant insisted upon following its registered order, or recognized the revised order as in force although unregistered, we must look to see whether the goods actually shipped to, and accepted and paid for by, the defendant correspond to the requirements of the one order rather than the other.   If the shipments made and accepted were in accordance with the unregistered order, and not in accordance with the registered order, the inference could properly be drawn that the defendant recognized the former, notwithstanding the want of registry.   The registry requirement was for its own benefit.   It could disregard it if it chose.   It could waive it by recognizing and living up to unregistered orders.   Now the testimony shows that for three months shipments were made to, and accepted by, the defendant which corresponded to the unregistered order, and not to the registered order.   Thus:

February:

| | | |
|---|---|---|
| Goods called for by unregistered order | $ 294 | 00 |
| Goods actually shipped and paid for | 294 | 00 |
| Goods called for by registered order | 300 | 00 |

March:

| | | |
|---|---|---|
| Goods called for by unregistered order | $1,644 | 50 |
| Goods actually shipped and paid for | 1,644 | 50 |
| Goods called for by registered order | 1,000 | 00 |

April:

| | | |
|---|---|---|
| Goods called for by unregistered order | $1,881 | 50 |
| Goods actually paid for | 2,007 | 50[1] |
| Goods called for by registered order | 1,000 | 00 |

It also appears that $399 was paid for a shipment of May 1, 1908, but whether this included goods included in the second registered order for $387.50 does not appear. Indeed, the testimony covering the shipments and payments could not have been presented in more unsatisfactory form. The later shipments admittedly were not paid for. There was thus testimony that several shipments which were accepted and paid for by the defendant corresponded exactly with the unregistered order, and not at all with the registered one. The defendant paid for many more gloves than its registered order called for. Furthermore there was testimony that the registered order was wholly deficient in details of styles and colors and that goods could not have been shipped under it alone. There was also testimony tending to show that the details of the unregistered order were followed.

Letters from the defendant were also introduced in evidence tending in some degree to show that it had knowledge of the existence of the unregistered order and recognized it. Thus in March, 1908, the plaintiff wrote the defendant about the June and July deliveries of the unregistered order—the registered order called for nothing in either month—and inquired whether the quantities ordered would be sufficient, and asked for additional orders. The defendant did not disclaim orders for these deliveries, but said:

"We have gone over the later deliveries with Mr. Minster and made all the changes we think wise. We will place no further orders now."

So there are other items of correspondence tending to show a recognition by the defendant of the unregistered order.

Without further reviewing the testimony, it is sufficient to say that, in our opinion, taken all together it was of such a nature that the court was bound to submit to the jury the question whether the defendant waived the registry regulation with respect to the order. This disposes of the first question in the case.

It is next contended by the defendant that the trial court erred in charging the jury that the acceptance of, and payment for, part of an unregistered order might be a waiver of the requirement of registration, because there was no evidence of the acceptance of part of any unregistered order. As we have just seen, however, there was testimony tending to show such acceptance. The charge of the trial court was right.

[1] Note.—The difference between the amount paid and the amount of the unregistered order—$126—seems to cover a special shipment of 12 dozen gloves.

It is also urged that the court erred in admitting in evidence the letters signed "Gimbel Bros., per Montague," and "Gimbel Bros., per Lloyd." These letters tended in some degree to show a waiver of the registry regulation, appear to have been sent and received in regular course of correspondence, were upon the defendant's letter heads and were signed by the defendant through its apparently authorized agents. There was no error in admitting them.

It is finally urged that the court erred in allowing the plaintiff to prove that the price of gloves had fallen in the spring of 1908. Of course, the defendant is right in the proposition that, if the defendant had not waived the registry regulation, it would not have been bound by the unregistered order, irrespective of motive. Equally true is it that, if it had waived the registry provision, it could not have escaped the order no matter how much it desired to. But still, for the purpose of throwing light upon the conduct and situation of the parties and as explanatory of any change in the position taken by the defendant, we think there was no prejudicial error in receiving the testimony. And if, as the defendant says, the evidence did not, in reality, tend to impeach its version of the transaction any more than it did the plaintiff's, there was certainly no such error in receiving it as requires a reversal of the judgment.

No prejudicial error is disclosed in any of the remaining assignments of error.

The judgment of the Circuit Court is affirmed.

WARD, Circuit Judge (dissenting). The trial judge charged, and the opinion of the court assumes, that business was to be done between the parties upon registered orders restricting the amount of the defendant's liability. The purpose of the system was to protect the defendant against contracts made by its buyers. In view of this the original calculation by the defendant's buyer of business for 1908 could not have been a contract binding on the defendant. But the court is of the opinion that there was evidence entitling the jury to find that this original estimate, as subsequently revised, became the contract between the parties, and that the system of registered orders was waived. Such a conclusion cannot be admitted, unless what was done by the defendant was inconsistent with the registered order system. The facts that the registered orders given by the defendant for 1908 did not equal the amount of business which its buyer estimated would be done, that those orders left the specifications for the goods to be manufactured to be fixed either by the estimate or by the buyer, and that the buyer was permitted to change the dates of shipment mentioned in the registered order, seem to me entirely consistent with the system of registered orders and no evidence of waiver of the condition that the amount of the defendant's liability was to be fixed by it. Testimony that the market price of gloves fell before the defendant refused to register further orders was entirely irrelevant upon the question whether the defendant had waived the agreed method of doing business. The purpose was to show a motive for the defendant's position, and, even if the testimony might also show a motive for the plaintiff's position, the defendant's objection, if good, should have been sustained.

I think the judgment should be reversed.